Luke McHenry
State Bar No. 24057993
Ryan Pierce
State Bar No. 24035413
REEVES & BRIGHTWELL LLP
221 W. 6th Street, Suite 1000
Austin, Texas 78701
lmchenry@reevesbrightwell.com
rpierce@reevesbrightwell.com
(512) 334-4500
(512) 334-4492 (Fax)

Attorneys for Defendant
TITEFLEX CORPORATION,
GASTITE DIVISION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF DAVID AND CHRISTY TEETER,<br><br>Plaintiff,<br><br>vs.<br><br>TITEFLEX CORPORATION, GASTITE DIVISION,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF KELLY MATAYOSHI IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>28 U.S.C. §§ 1331, 1338, 1441, 1446<br><br>[Ellis County District Court Cause No. 86741] |

DECL. OF KELLY MATAYOSHI IN
SUPPORT OF NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

28257\3612809.1

I, Kelly Matayoshi, am an attorney licensed to practice law in the State of California and am an associate in the law firm of Farella Braun + Martel LLP, counsel to Defendant Titeflex Corporation, Gastite Division ("Titeflex") in the above-captioned matter. Except as otherwise noted, I have personal knowledge of the facts stated herein and if called to testify to them could and would do so competently.

1. On February 22, 2013, plaintiff State Farm Lloyds Insurance Company, as subrogee of David and Christy Teeter, commenced an action in the Ellis County District Court entitled *State Farm Lloyds Insurance Company as Subrogee of David and Christy Teeter v. Titeflex Corporation, Gastite Division*, Cause No. 86741. Attached hereto as Exhibit A is a true and correct copy of the petition.

2. On March 18, 2013, Plaintiff effected service on Titeflex through its designated process server, CT Corporation Systems. Attached hereto as Exhibit B is a true and correct copy of the service of process transmittal. Notably, the service copy of the petition was incomplete, missing page 2. *See* Exh. A.

3. The petition on page 1 alleges that "Plaintiff, State Farm Lloyds Insurance Company as Subrogee of David and Christy Teeter, is an insurance company authorized to conduct business in the State of Texas." *See* Exh. A, page 1.

4. I researched State Farm Lloyds Insurance Company and, based upon my information and belief, I can and do state that at all relevant times alleged in the petition, State Farm Lloyds Insurance Company was and had been a company organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas.

5. The petition claims damages "in at least the amount of $396,375.28." *See* Exh. A, page 8.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 4, 2013

_Kelly Matayoshi_
Kelly Matayoshi

DECL. OF KELLY MATAYOSHI IN
SUPPORT OF NOTICE OF REMOVAL OF     - 2 -                                28257\3612809.1
CIVIL ACTION FROM STATE COURT

# EXHIBIT A

## TO DECLARATION OF KELLY MATAYOSHI IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT



# THE STATE OF TEXAS
## COUNTY OF ELLIS
### CAUSE NO: 86741
## CITATION

**TO:** TITEFLEX CORPORATION, GASTITE DIVISION
REG AGENT, CT CORPORATION SYSTEM
101 FEDERAL ST.
BOSTON, MA 02110

Defendant, in the hereinafter styled and numbered cause: 86741

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 86741 styled

STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF
TEETER, DAVID AND
TEETER, CHRISTY
-VS-
TITEFLEX CORPORATION, GASTITE DIVISION

Filed in said court on the 02/22/2013.

The name and address of the attorney for plaintiff, or the address of the plaintiff is: LADD R. GIBKE, 2701 N. DALLAS PKWY, STE 570, PLANO, TX 75093.

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 25th day of February, 2013.

Melanie Reed, District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

SEAL

By _____
Mary Hinds, Deputy

## OFFICER'S RETURN - CAUSE # 86741

| | |
|---|---|
| STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF TEETER, DAVID AND TEETER, CHRISTY -VS- TITEFLEX CORPORATION, GASTITE DIVISION | IN THE 40TH JUDICIAL DISTRICT COURT OF ELLIS COUNTY, TEXAS |

**NAME AND ADDRESS FOR SERVICE:**
TITEFLEX CORPORATION, GASTITE DIVISION
REG AGENT, CT CORPORATION SYSTEM
101 FEDERAL ST.
BOSTON, MA 02110

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____
and the cause or failure to execute this process is:
_____
and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total            $_____

_____, Officer
_____, County, Texas
By: _____, Deputy

_____ Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
       (First, Middle, Last)
_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server
_____
(Id # & expiration of certification)

**RETURN TO:**
Melanie Reed Ellis County District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

STATE OF TEXAS §
COUNTY OF ELLIS §
SIGNED under oath before me on this ____day of _____,2013.

_____
Notary Public, State of Texas

# THE STATE OF TEXAS
## COUNTY OF ELLIS
CAUSE NO: 86741
## CITATION



TO: TITEFLEX CORPORATION, GASTITE DIVISION
REG AGENT, CT CORPORATION SYSTEM
101 FEDERAL ST.
BOSTON, MA 02110

Defendant, in the hereinafter styled and numbered cause: 86741

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **86741** styled

**STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF
TEETER, DAVID AND
TEETER, CHRISTY
-VS-
TITEFLEX CORPORATION, GASTITE DIVISION**

Filed in said court on the 02/22/2013

The name and address of the attorney for plaintiff, or the address of the plaintiff is: LADD R. GIBKE, 2701 N. DALLAS PKWY, STE 570, PLANO, TX 75093.

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 25th day of February, 2013.

Melanie Reed, District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

SEAL

By _____
Mary Hinds, Deputy

## OFFICER'S RETURN - CAUSE # 86741

| | |
|---|---|
| STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF TEETER, DAVID AND TEETER, CHRISTY -VS- TITEFLEX CORPORATION, GASTITE DIVISION | IN THE 40TH JUDICIAL DISTRICT COURT OF ELLIS COUNTY, TEXAS |

**NAME AND ADDRESS FOR SERVICE:**
TITEFLEX CORPORATION, GASTITE DIVISION
REG AGENT, CT CORPORATION SYSTEM
101 FEDERAL ST.
BOSTON, MA 02110

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total $_____

_____, Officer
_____, County, Texas
By: _____, Deputy

_____ Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the ____ day of _____.

_____
Declarant/Authorized Process Server
_____
(Id # & expiration of certification)

**RETURN TO:**
Melanie Reed Ellis County District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

STATE OF TEXAS §
COUNTY OF ELLIS §
SIGNED under oath before me on this ____ day of _____,2013.

_____
Notary Public, State of Texas

Cause No. 86741

| | | |
|---|---|---|
| STATE FARM LLOYDS INSURANCE | § | IN THE DISTRICT COURT |
| COMPANY AS SUBROGEE OF | § | |
| DAVID AND CHRISTY TEETER, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | ELLIS COUNTY, TEXAS |
| TITEFLEX CORPORATION, GASTITE | § | |
| DIVISION, | § | |
| Defendant. | § | 40th JUDICIAL DISTRICT |

FILED FOR RECORD
2013 FEB 22 PM 2:50
MELANIE REED
ELLIS COUNTY CLERK
COUNTY, TX

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF DAVID AND CHRISTY TEETER**, hereinafter referred to as Plaintiff, and complains of **TITEFLEX CORPORATION, GASTITE DIVISION**, hereinafter referred to as Defendant, and for cause of action would respectfully show the Court as follows:

### I. DISCOVERY PLAN

Pursuant to Rules 190.1 and 190.4 of the *Texas Rules of Civil Procedure*, notice is hereby given to the Court and the parties that the discovery to be completed in this case is intended to be conducted under Level Three of the stated rules unless otherwise ordered by the Court.

### II. PARTIES, VENUE AND JURISDICTION

1. Plaintiff, State Farm Lloyds Insurance Company as Subrogee of David and Christy Teeter, is an insurance company authorized to conduct business in the State of Texas.

2. Defendant, **TITEFLEX CORPORATION, GASTITE DIVISION**, is a Massachusetts corporation authorized to do business in the State of Texas and may be duly served with citation by serving its registered agent: CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110.

3. The "Property" is located at 5079 April Lane, Waxahachie, Ellis County, Texas 75165.

PLAINTIFF'S ORIGINAL PETITION - PAGE 1

a direct or nearby lightning strike on the Teeter home traveled into the residence and the electrical charge arced across the thin-walled CSST, causing it to fail and rupture. The failure of the CSST allowed gas to escape and ignite, causing the fire and the resulting damages. It is widely known that the electrical charge produced by lightning can be distributed across the CSST product and ultimately cause it to fail as a result of a small puncture or punctures in the thin-walled CSST. The punctures in the CSST allow natural or propane gas to escape which eventually ignites.

Upon information and belief, the CSST which was installed in the Teeter home was designed, manufactured, marketed and/or distributed by Defendant.

## V. CAUSES OF ACTION AGAINST DEFENDANT

### COUNT ONE -- NEGLIGENCE

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

Plaintiff would show that on the occasion in question, Defendant owed a duty to exercise ordinary care in its design, preparation, manufacture, and sale of its CSST product. The CSST product in question was defective and unsafe for its intended purposes at the time it left the control of Defendant and at the time it was installed in the Teeter residence. The CSST product was defective in that it failed to conform to the product design and specifications of other similar products. But for such occurrence, the probability that Defendant's product would fail would have been lessened. Defendant breached this duty and, as a direct and proximate result of its negligence, caused Plaintiff to suffer damages.

The negligent acts and/or omissions on the part of Defendant also include, but are not limited to, the following:

   a. Supplying the defective CSST product in question which Defendant knew subjected property, both real and personal, to an unreasonable risk of harm;

   b. Supplying the CSST product in question to distributors, suppliers, and installers with the knowledge that the CSST product was prone to fail, was defective and unreasonably dangerous to persons and property;

   c. Failing to warn the public, specifically including David and Christy Teeter, of the

      defective condition of the CSST product, which it knew created an unreasonable risk of harm to real and personal property, and/or failed to warn the public and David and Christy Teeter that the CSST product was prone to fail when subjected to the electrical charge emitted from a lightning strike;

d.    Failing to conduct sufficient research and development for the CSST product before taking it to U.S. consumer market;

e.    Failing to provide, establish and/or follow proper and adequate controls and/or procedures so as to ensure the safety and integrity of the CSST product in the marketplace;

f.    Failing to design, construct, fabricate, inspect and/or test the CSST product in question in conformity with the prevailing industry and national standards, including, but not limited to, lightning strike testing;

g.    Failing to design the outer jacket of the CSST product so that it would efficiently dissipate the electrical charge produced by a direct or indirect lightning strike;

h.    Failing to institute a safer alternative design for the CSST product;

i.    Failing to mandate the use of a lightning protection system on structures where the CSST product was installed;

j.    Failing to disseminate to consumers, specifically including David and Christy Teeter, and other intermediaries adequate instructions addressing sufficient ways to protect the CSST product from failing;

k.    Failing to test the CSST product to ensure its integrity and ability to withstand the electrical charge emitted from a direct lightning strike without it failing;

l.    Failing to warn consumers, specifically including David and Christy Teeter, and intermediaries that a 6 AWG bonding/jumper wire will not sufficiently dissipate the electrical charge emitted from a lightning strike;

m.    Failing to warn consumers, specifically including David and Christy Teeter, and intermediaries, that lightning induced failure of the CSST product can cause fires; and/or,

n.    Otherwise failing to use due care in manufacturing and marketing the CSST product to consumers, specifically including David and Christy Teeter.

Each of the above-referenced acts and omissions, either singly and/or in combination with

others, constitutes negligence, which proximately caused damage to Plaintiff in an amount in excess of the minimum jurisdictional limits of this court.

**Failure to Warn**

Plaintiff would show further that Defendant has an ongoing duty to warn consumers of the inherent dangers in the CSST product, to wit: failure will occur when an electrical charge from lightning is introduced onto the product. Defendant failed to warn or provide adequate warnings to David and Christy Teeter as it concerned the failure of its CSST product. Defendant had an absolute duty to warn consumers, and David and Christy Teeter in particular, of the possibility of failure of the CSST product in certain circumstances, and had an ongoing duty to provide adequate warnings concerning the use of its CSST product in the absence of known and readily available safeguards such as a lightning protection system.

Since 1998, Defendant has had actual knowledge of the danger that its CSST product was failing from the electrical charge emitted from lightning strikes, and has done nothing to modify its product with appropriate safeguards to ensure against continued failures or warn the public and any intermediaries of the dangers associated with its CSST product and lightning. Plaintiff alleges that any warning or instructions that accompany the CSST product are vague, ambiguous, deficient, and do not adequately inform installers, intermediaries or the consuming public of the hazards associated with the CSST product.

Plaintiff would show further that Defendant was negligent in failing to issue appropriate warnings to consumers, specifically David and Christy Teeter, of the dangers associated with its CSST product and the susceptibility of the CSST product to the electrical charge produced by a direct or indirect lightning strike.

Defendant has continued to market and distribute its CSST product knowing that it will not withstand the impact of lightning. Moreover, Plaintiff contends that Defendant knew that its product would fail if subjected to the electric charge from a lightning strike, and systematically devised a position to defuse and deflect this information by instituting a company wide response that the CSST product does not fail, but is only damaged by a lightning strike.

Defendant even engaged a public relations firm to address and contain the problem with the

CSST product and to develop and implement a media plan to control and/or reduce the negative impact associated with the ever-increasing CSST product failures across the country, and in the State of Texas.

Plaintiff would show that the negligent acts and/or omissions on the part of Defendant were the proximate cause of damages in an amount within the jurisdictional limits of this Court.

### COUNT TWO -- STRICT LIABILITY

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

The CSST product in question was defective and unsafe for its intended purposes at the time it left the control of Defendant, and at the time it was installed in the Teeter residence. Defendant knew that its product was defective and that it presented the probability of harm to any foreseeable users unless it was free from defects. Therefore, Defendant had a duty to foreseeable users, and to David and Christy Teeter in particular, to inspect the CSST product in question to determine whether it would be reasonably fit for its intended purposes and warn or give fair and adequate notice of the inherently dangerous condition which existed as a result of the improper design and/or manufacture of the product.

There was a design defect in the CSST product in question at the time it left the possession of Defendant that was a producing cause of the occurrence in question and damages set forth herein. The design defect rendered the CSST product in question unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. A safer alternative design existed that would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and was economically and technically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

### Safer Alternative Design

Defendant could have implemented a safer alternative design including, but not necessarily limited to, incorporating a copper or other metallic wire running the length of the CSST ("safer alternative design"). The safer alternative design would have prevented the electrical charge from

the lightning strike, whether direct or indirect, from traveling on the surface of the thin walled CSST which, in turn, would have prevented the electric charge from breaching the CSST and causing the fire.

Additionally, Defendant could have implemented an additional safer alternative design by mandating the use of a lightning protection system (LPS) where CSST is installed. The LPS would have addressed known safety concerns and would have prevented, or at least significantly reduced, the probability of the fire which destroyed the Property and the personal property located therein. Defendant had available to it sufficient information and knowledge needed in order to advise distributors and installers of the safer alternative design but has failed to timely incorporate any such safety device with its product.

The safer alternative design would have prevented or significantly reduced the risk to David and Christy Teeter of property damage from the CSST product without substantially impairing the product's utility. Additionally, including one or both of the safer alternative designs with the CSST was economically and technologically feasible at the time the product left Defendant's control based on the research and scientific knowledge possessed by Defendant.

David and Christy Teeter were not aware of any defects inherent in the CSST product in question or of any danger that could result from the use thereof at the time they used the CSST product in question. These defects were the proximate and the producing cause of Plaintiff's damages. Such being the case, Plaintiff invokes the doctrine of strict liability in tort.

## COUNT THREE – BREACH OF EXPRESS AND IMPLIED WARRANTY

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

Defendant held out to the general public, and to David and Christy Teeter specifically, that the CSST product in question would conform with the qualities of the same or similar products. As a result of Defendant's actions, Defendant breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

Defendant held out to the general public, and to David and Christy Teeter specifically, that the CSST product in question would conform with the qualities of the same or similar products. As a result of Defendant's actions, Defendant breached an implied warranty of merchantability and

usage of trade as set forth in section 2.314 of the Texas Business and Commerce Code.

Plaintiff has suffered the damages set forth herein as a result of Defendant's breach of the foregoing warranties and pleads for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and more specifically, section 2.715(b)(2) of that Code.

## VI. DAMAGES

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

As a result of the acts and/or omissions on the part of Defendant, David and Christy Teeter sustained damage to their real and personal property due to the fire that occurred on or about July 9, 2012, in at least the amount of $396,375.28. Pursuant to a homeowner's insurance policy in effect for the date of loss, Plaintiff, State Farm Lloyds Insurance Company, compensated David and Christy Teeter for the covered damages they have incurred to date, and will incur in the future as the claim continues to be adjusted. Plaintiff, State Farm Lloyds Insurance Company, now asserts its contractual and equitable subrogation claims to collect these damages from Defendant. After allowing for all just and lawful offsets, payments, and credits, Defendant continues to be indebted to Plaintiff in at least the amount of $396,375.28. This amount will be supplemented as additional damage information becomes known.

Plaintiff hereby asserts its claim for damages as described above. All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

## VII. REQUEST FOR DISCLOSURE

Plaintiff requests that the Defendant disclose, within fifty (50) days of the service of this petition and request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF DAVID AND CHRISTY TEETER**, requests

that the Defendant be cited to appear and answer herein, and that on final hearing, Plaintiff recovers:

1. A judgment against Defendant for actual damages in the amounts pled for herein, which are within the jurisdictional limits of this Court;

2. A judgment against Defendant for damages for breach of express and implied warranties in the amounts pled for herein, which are within the jurisdictional limits of this Court;

3. A judgment against Defendant for reasonable attorneys fees and costs of court;

4. A judgment against Defendant for pre- and post-judgment interest as allowed by law;

5. A judgment against Defendant for such other and further relief, both general and specific, in equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

CARPENTER & SCHUMACHER, P.C.

By: _____
N. Scott Carpenter
State Bar No. 00790428
**Ladd R. Gibke**
State Bar No. 07857400
Parkway Centre IV
2701 North Dallas Parkway, Suite 570
Plano, Texas 75093
(972) 403-1133
Fax (972) 403-0311

*ATTORNEYS FOR PLAINTIFF*
*STATE FARM LLOYDS AS SUBROGEE OF*
*DAVID AND CHRISTY TEETER*

# EXHIBIT B

## TO DECLARATION OF KELLY MATAYOSHI IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT



**Service of Process Transmittal**
03/18/2013
CT Log Number 522339336

**TO:** Debbie Fair-Geise
Flex-Tek Group
3525 Piedmont Rd., 7 Piedmont Center, Suite 300
Atlanta, GA 30305

**RE:** **Process Served in Massachusetts**

**FOR:** Titeflex Corporation (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | State Farm Lloyds Insurance Company as Subrogee of David and Christy Teeter, Pltf. vs. Titeflex Corporation, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation(s), Return(s), Return, Petition |
| **COURT/AGENCY:** | District Court - Ellis County, TX<br>Case # 86741 |
| **NATURE OF ACTION:** | Property Damage Litigation - Damages sustained to real and personal property due to the fire |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/18/2013 at 15:06 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | At or before 10:00 a.m. of Monday next after the expiration of 20 days from the date of service |
| **ATTORNEY(S) / SENDER(S):** | Ladd R. Gibke<br>Carpenter & Schumacher, P.C.<br>2701 North Dallas Parkway<br>Suite 570<br>Plano, TX 75093<br>972-403-1133 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 799320227051<br>Image SOP<br>Email Notification, Debbie Fair-Geise Deborah.Fair-Geise@flextekgroup.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dahrlena Mitchell |
| **ADDRESS:** | 155 Federal Street<br>Suite 700<br>Boston, MA 02110 |
| **TELEPHONE:** | 617-757-6404 |

Page 1 of 1 / LR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.